UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON AND MAINE CORPORATION and )
SPRINGFIELD TERMINAL RAILWAY )
COMPANY, )
                                                  )
          Plaintiffs, )
                                                  )
v. )
                                                  )
TOWN OF ANDOVER, ANDOVER BOARD )
OF HEALTH, DOUGLAS M. DUNBAR, )    Case No. _____
DANIEL E. COLEMAN, CANDACE MARTIN, )
EVERETT PENNEY, DANIEL TREMBLAY, )
MASSACHUSETTS DEPARTMENT OF )
ENVIRONMENTAL PROTECTION and )
ROBERT W. GOLLEDGE, JR., )
                                                )
          Defendants. )

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs Boston and Maine Corporation ("B&M") and Springfield Terminal Railway Company ("STR") (collectively "Plaintiffs") seek a declaratory judgment and injunctive relief preventing the Town of Andover (the "Town"), the Andover Board of Health (the "Board"), the individual members of the Board of Health, and Robert W. Golledge, Jr., Commissioner of the Massachusetts Department of Environmental Protection ("DEP") (collectively "Defendants") from enforcing 310 CMR 7.11(2) because it illegally regulates the Plaintiffs' railroad operations, and damages. For their Complaint, Plaintiffs state as follows:

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1337 and 1343.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in this judicial district and all defendants reside in the same State.

## Statement of Case and Parties

3. Plaintiff, B&M is a Delaware corporation with its principal place of business at Iron Horse Park, North Billerica, Massachusetts 01862. B&M provides interstate rail freight service and is subject to the jurisdiction of the United States Surface Transportation Board ("STB").

4. Plaintiff, STR is a Vermont corporation with its principal place of business at Iron Horse Park, North Billerica, Massachusetts 01862. STR provides interstate rail freight service and is subject to the jurisdiction of the STB.

5. Defendant, Town is a municipal corporation organized under the laws of the Commonwealth of Massachusetts.

6. Defendant, Board is an agency of the Town.

7. Upon information and belief, Defendants, Douglas M. Dunbar, Daniel E. Coleman and Candace Martin are the members of the Board and Defendants Everett Penney and Daniel Tremblay are members of the Board's staff. Plaintiffs sue these defendants in their official capacity.

8. Defendant, DEP is an agency of the Commonwealth of Massachusetts and Defendant, Robert W. Golledge, Jr. is Commissioner of DEP. DEP has promulgated the

Yards. Further, Ayer Yard houses a large intermodal facility that is not only serviced by STR but also supports the rail traffic of an additional interstate rail carrier.

17. The Location is subject to extensive congestion due to the amount of rail traffic in the area. Operational considerations regarding the movement of rail traffic and the safety of railroad employees require, at times, the parking of locomotives at the Location in order to relieve congestion, and to allow trains to move with dispatch when the conditions permit.

## COUNT I

### Preemption by the ICA and the Supremacy Clause

18. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 17 as if fully set forth here.

19. The ICA grants the STB exclusive jurisdiction over virtually all matters involving rail transportation.

20. The ICA expressly gives the STB exclusive jurisdiction over railroad transportation and operations:

> [T]he Board has jurisdiction over transportation by rail carrier that is …by railroad…
>
> The jurisdiction of the Board over … transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching or side tracks, or facilities … is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

49 U.S.C. § 10501(a)(1)(A) and (b).

21. The ICA defines "railroad" to include the "road used by a rail carrier and owned by it or operated under an agreement; and … ground, used or necessary for transportation." 49

-5-

regulation here complained of, 310 CMR 7.11(2). Plaintiff sues Mr. Golledge in his official capacity.

9. This action arises under (A) the Commerce and Supremacy Clauses of the United States Constitution, (B) the Interstate Commerce Act, as amended by the ICC Termination Act of 1995 ("ICA") (49 U.S.C. §§ 701-727, 10101-19108), (C) the Federal Railway Safety Act ("FRSA") (49 U.S.C. §§ 20101 *et seq.*), (D) the Declaratory Judgment Act (28 U.S.C. § 2201), and (E) the Civil Rights Act of 1871 (42 U.S.C. § 1983).

10. Plaintiffs seek declaratory and injunctive relief preventing and restraining Defendants from unlawfully regulating, in contravention of the Commerce and Supremacy Clauses of the United States Constitution, the FRSA and the ICA, Plaintiffs' operation of their railroad, including the use and operation of their locomotives for railroad transportation. Plaintiffs also seek damages for the harm caused them by the actions of Defendants.

**Facts**

11. B&M owns the railroad right-of-way that runs through the Town (the "Line"). Pursuant to an agreement between B&M and STR, approved by the STB's predecessor, the Interstate Commerce Commission, STR is the operator on the Line. B&M, STR and their affiliates, collectively, are informally known as the "Guilford Rail System." "Guilford Rail System," however, is not a legal entity.

12. The Line is a part of the STR main freight line, which runs from Rotterdam Junction, New York to Mattawankeag, Maine. The main freight line is the primary source of rail transportation for the movement of freight in New England and is a part of the interstate rail network.

13.     On or about April 8, 2005, the Town sent a letter (the "Letter") addressed to "Guilford Rail System," signed by defendant, Everett Penney, alleging that "Guilford Rail System" had been idling locomotives excessively within the Town and requesting a meeting to discuss the issues.

14.     On or about April 13, 2005 a representative of DEP telephoned Plaintiffs and requested a meeting to discuss the issues surrounding idling locomotives within the Town.

15.     On or about April 19, 2005, a representative of the Plaintiffs met with representatives of the Town and DEP at the location where locomotives generally idle. At this meeting, the DEP representative and the Town representative stated that if the idling was not discontinued or curtailed, a citation would be issued to Plaintiffs pursuant to Section 7.11(2) of Title 310 of the Massachusetts Code of Regulations. Section 7.11(2) provides:

"Diesel Trains.

"(a) No person owning or operating a diesel powered locomotive shall cause, suffer, allow or permit said locomotive to be operated in a manner such as to cause or contribute to a condition of air pollution.

"(b) No person shall cause, suffer, allow or permit the unnecessary foreseeable idling of a diesel locomotive for a continuous period of time longer than 30 minutes ...

"(c) 310 CMR 7.11(2)(a) and 7.11(2)(b) are subject to the enforcement provisions specified in 310 CMR 7.52"

16.     The portion of the Line that passes though the Town, (the "Location"), supports system-wide rail traffic. For example, the Location is only a short distance from three major rail yards owned by B&M that are known as "Lawrence Yard", "Lowell Yard" and "Ayer Yard" and are located in Lawrence, Lowell and Ayer, Massachusetts, respectively. Each day at least four trains of approximately one-half mile to one mile in length travel through Lawrence and Lowell

U.S.C. § 10102(6).

22. The ICA further defines the term "transportation" to include "a locomotive ... or equipment of any kind related to the movement of passengers or property, or both, by rail ... and services related to that movement, including receipt, delivery ... storage, handling and interchange of passengers and property ... " 49 U.S.C. § 10102(9).

23. The ICA expressly preempts the regulation of railroad transportation by local and state agencies and instrumentalities.

24. The Defendants' proposed enforcement of 310 CMR 7.11(2) will illegally regulate railroad operations in that Plaintiffs will be forced to re-route a significant portion of traffic away from the Town or significantly adjust railroad operations to prevent idling for more than thirty minutes, which will likely result in Plaintiffs' violation of federal law and regulations.

25. Under color of state law, the Defendants have issued an order to cease and desist the idling of locomotives in direct contravention of the ICA's grant of exclusive jurisdiction to the STB.

26. Defendants' threatened actions will deprive the Plaintiffs of their rights under ICA and the Supremacy Clause of the United States Constitution, causing Plaintiffs substantial and irreparable harm, including, *inter alia*, unduly burdening and hindering Plaintiffs' railroad activities in interstate commerce and preventing Plaintiffs' compliance with federal law.

## COUNT II

### Preemption by FRSA and the Supremacy Clause

27. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 26 as if fully set forth here.

28. The FRSA requires the Secretary of Transportation to promulgate a nationally uniform regulatory scheme in all areas of railroad safety.

29. The FRSA expressly provides that:

> The Secretary of Transportation …shall prescribe regulations and issue orders for every area of railroad safety…
>
> Laws, regulations, and orders related to railroad safety … shall be nationally uniform to the extent practicable.

49 U.S.C. §§ 20103, 20106.

30. The FRSA expressly provides that the Secretary of Transportation shall prescribe regulations and issue orders for every area of railroad safety. The Secretary of Transportation has delegated this power to the Federal Railroad Administration ("FRA"). The FRA develops, administers and enforces railroad safety regulations.

31. The Letter threatens to regulate Plaintiffs' compliance with railroad safety regulations and the safe operation of railroad right-of-way. For example, each train and each car in the train is required to receive a "Class I" brake test at various "locations." *See* 49 C.F.R. § 232.205. These tests must be conducted prior to movement of the train. The engine must be idling during these tests because the locomotive(s) provide the air for the rest of the train. The tests almost invariably take longer than thirty minutes to conduct. Plaintiffs cannot comply with the FRA brake testing regulations without violating 310 CMR 7.11(2).

32. Defendants' actions deprive the Plaintiffs of their rights under FRSA and the Supremacy Clause of the United States Constitution, causing Plaintiffs substantial and irreparable harm, including, *inter alia*, hindering Plaintiffs' business activities in interstate commerce and preventing Plaintiffs' compliance with federal law.

## COUNT III

### Violation of Dormant Commerce Power

33. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 32 as if fully set forth here.

34. The Constitution grants Congress the power to regulate interstate commerce, implicitly limiting states' authority to regulate such commerce. U.S. CONST. art. 1, § 8, cl. 3.

35. The Line is a part of the STR main freight line and the interstate rail network.

36. Defendants have ordered the Plaintiffs to cease and desist the idling of locomotives. This restriction directly regulates the operation of locomotives used in rail transportation and therefore, regulates interstate commerce, discriminates against interstate commerce, and unduly burdens interstate commerce in excess of any putative local benefits.

37. Defendants' threatened actions will deprive the Plaintiffs of their rights under the Commerce and Supremacy Clause of the United States Constitution, causing Plaintiffs substantial and irreparable harm, including, *inter alia*, hindering Plaintiffs' business activities in interstate commerce.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court—

(1) enter judgment, pursuant to 28 U.S.C. § 2201, declaring Defendants' attempt to regulate the use or operation of locomotives used in railroad transportation preempted by the ICA, FRSA and the Supremacy Clause of the Constitution, and in violation of the Dormant Commerce Power;

(2) enter an order, pursuant to 28 U.S.C. § 1651 and Rule 65 of the Federal Rules of Civil Procedure, permanently enjoining the Town, the Board, any division or subdivision of the Town, and the Commonwealth of Massachusetts from regulating the use or operation of locomotives used in railroad transportation;

(3) award the Plaintiffs their damages due to Defendants' unlawful actions;

(4) award the Plaintiffs their costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988; and

(5) grant such other relief as may be just and proper.

Respectfully Submitted,

_____
Robert B. Culliford (BBO #638468)
Katherine E. Potter (BBO #651726)
Iron Horse Park
North Billerica MA 01862
Tel. 978-663-1029

Eric L. Hirschhorn
Winston & Strawn LLP
1700 K Street, N.W.
Washington DC 20006
Tel. 202-282-5706

*Counsel for Plaintiffs*
   *Boston and Maine Corporation*
   *Springfield Terminal Railway Co.*

April 22, 2005

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Boston and Maine Corporation and Springfield Terminal Railway Company

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert B. Culliford, Esq.
Iron Horse Park, N. Billerica, MA 01862   (978) 663-1029

## DEFENDANTS
Town of Andover, Andover Board of Health, D. Dunbar, D. Coleman, C. Martin, E. Penney, D. Tremblay, Mass. DEP and,

County of Residence of First Listed Defendant: **Essex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): **10820 RCL**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☒ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
USC Sub Sec. 10501(b), 49 USC Sub Sec. 20106

Brief description of cause:
Preemption of State Regulation of Railroad Operations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)
JUDGE: Reginald C. Lindsay
DOCKET NUMBER: 04-12069 RCL

DATE: 4/22/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Boston and Maine Corporation, et al v. Town of Andover, et als.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [✓] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   [✓] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   [ ] IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   [ ] V. 150, 152, 153.

   05-10820

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   Boston and Maine Corp., et al v. Town of Chelmsford, et als, Docket No. 04-12069 RCL

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [✓]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [✓]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Robert B. Culliford, Esq.
ADDRESS  Iron Horse Park, North Billerica, MA 01862
TELEPHONE NO.  (978) 663-1029

(CategoryForm.wpd - 2/15/05)