UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON & MAINE CORP., and SPRINGFIELD TERMINAL RAILWAY CO., <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF ANDOVER, ANDOVER BOARD OF HEALTH, DOUGLAS M. DUNBAR, DANIEL E. COLEMAN, CANDACE MARTIN, EVERETT PENNEY, DANIEL TREMBLAY, MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION and ROBERT W. GOLLEDGE, JR., <br><br> Defendants. | Case No.: 05-10820 MLW |

## ANSWER

The Massachusetts Department of Environmental Protection and Robert W. Golledge, Jr. (jointly "the Department") hereby answer plaintiffs' complaint as follows:

First unnumbered paragraph: This paragraph is merely an introduction by plaintiffs of their action and includes legal conclusions to which no response is required. To the extent that a response is required, the Commonwealth denies any and all allegations in this paragraph.

1.     Paragraph 1 includes legal conclusions to which no response is required. To the extent that a response is required, the Department denies any and all allegations in this paragraph.

2.     Paragraph 2 includes legal conclusions to which no response is required. To the extent that a response is required, the Department denies any and all allegations in this paragraph, except to state that the Department is located in Massachusetts.

3. Whether B&M is subject to the jurisdiction of the United States Surface Transportation Board ("STB") is a legal conclusion to which no response is required. The Department admits the other allegations in paragraph 3.

4. Whether STR is subject to the jurisdiction of the STB is a legal conclusion to which no response is required. The Department admits the other allegations in paragraph 4.

5. The Department admits the allegations in paragraph 5.

6. The Department admits the allegations in paragraph 6.

7. The Department states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7.

8. The Department admits the allegations in paragraph 8.

9. Paragraph 9 includes legal conclusions to which no response is required. To the extent that a response is required, the Department denies any and all allegations in this paragraph.

10. Paragraph 10 is merely an introduction by plaintiffs of their action and includes legal conclusions to which no response is required. To the extent that a response is required, the Department denies any and all allegations in this paragraph.

11. The Department states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11.

12. The Department states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12.

13. The Department states that the letter referred to in paragraph 13 speaks for itself.

14. The Department states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14.

15. The Department states that 310 CMR 7.11(2) speaks for itself. The Department states that it is without sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 15.

16. The Department states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16.

17. The Department states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17.

18. Paragraph 18 requires no response.

19. Paragraph 19 consists of a legal conclusion to which no response is required. To the extent that a response is required, the Department denies any and all allegations in this paragraph.

20. The first sentence of paragraph 20 is a legal conclusion to which no response is required. The statutory language quoted speaks for itself.

21. The statutory language quoted speaks for itself.

22. The statutory language quoted speaks for itself.

23. Paragraph 23 consists of a legal conclusion to which no response is required.

24. The Department denies the allegations in paragraph 24.

25. The Department denies the allegations in paragraph 25.

26. The Department denies the allegations in paragraph 26.

27. Paragraph 27 requires no response.

28. Paragraph 28 includes legal conclusions to which no response is required.

29. The statutory language quoted in paragraph 29 speaks for itself.

30. Paragraph 30 includes legal conclusions to which no response is required.

31. The letter speaks for itself. The regulatory language quoted speaks for itelf. The Department denies the remaining allegations in paragraph 31.

32. The Department denies the allegations in paragraph 32.

33. Paragraph 33 requires no response.

34. Paragraph 34 includes legal conclusions to which no response is required.

35. The Department states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35.

36. The Department denies the allegations in paragraph 36.

37. The Department denies the allegations in paragraph 37.

### FIRST AFFIRMATIVE DEFENSE

#### Failure to State a Claim

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### Standing

To the extent any plaintiff lacks standing with respect to any claim, that claim should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

### Ripeness

To the extent any claim is not ripe for adjudication, that claim should be dismissed.

### REQUEST FOR RELIEF

Based upon these answers and affirmative defenses, the Department respectfully request that the Court enter a judgment as follows:

(a) Dismissing the plaintiffs' complaint in its entirety, on the merits, and with prejudice;

(b) Denying the plaintiffs' requests for damages and declaratory and injunctive relief in their entirety; and

(c) Awarding such other and further relief as the Court may find to be just and equitable.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS

By its attorneys,

Dated: 6/3/05

Nora J. Chorover, BBO #547352
Assistant Attorney General
Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Answer was sent by first class mail on June 3, 2005 to:

Robert B. Culliford, Esq.
Katerhine E. Potter, Esq.
Boston & Maine Corporation
Springfield Terminal Railway Company
Iron Horse Park
No. Billerica, MA 01862

Eric L. Hirschhorn
Winston & Strawn LLP
1400 L Street, N.W.
Washington, DC 20005

Joseph L. Tehan, Jr.
Kopelman & Paige, P.C.
31 James Ave.
Boston, MA 02116

_____
Nora J. Chorover